**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TIMOTHY DOYLE YOUNG, | : | |
| Fed. Reg. No. 60012-001, | : | |
|     Petitioner, | : | |
| | : | |
|         v. | : | CIVIL ACTION NO. |
| | : | 1:18-CV-2932-ODE-JSA |
| JEFF SESSIONS, U.S. Attorney | : | |
| General, et al. | : | |
|     Respondents. | : | |

**<u>MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION</u>**

Petitioner Timothy Doyle Young, incarcerated at the United States Penitentiary Max ADX in Florence Colorado, has filed a handwritten document he has styled "Habeas Corpus and/or Civil Complaint" and that the Clerk has docketed as a habeas corpus petition pursuant to 28 U.S.C. § 2254. (Doc. 1). Notably, Petitioner is a federal prisoner, and the petition/complaint consists mostly of vague, conclusory, and mostly confusing allegations.

Mr. Young is a "three-striker" under the Prison Litigation Reform Act ("PLRA"),[1] *In re Young*, 382 F. App'x 148, 149 (3d Cir. 2010), and has been labelled an "abusive litigant" with a "lengthy abusive history" in the District of Colorado,

---

[1] 28 U.S.C. § 1915(g) of the PLRA generally precludes a prisoner from bringing a civil action *in forma pauperis* if three or more of his prior actions have been dismissed as frivolous, unless he demonstrates that he is in "imminent danger of serious physical injury."

where he is incarcerated – to such a degree that the District of Colorado has imposed restrictions on his filings. *See Young v. United States*, 14-CV-0073-LTB (Doc. No. 24) (D. Co. April 22, 2014). Most notably, without going into all of the details of Petitioner's protracted litigation history, he has filed numerous complaints and/or habeas petitions in federal district courts all over the country – his latest attempt at forum shopping in this Court.

Regardless of the style of his complaint, venue is not proper here. To the degree that Petitioner seeks his release *vis a vis* habeas corpus, this District is not the proper forum for him to raise a collateral attack, as he must file any such habeas petition in the district in which he was convicted. *See* 28 U.S.C. §2255(a). Nor would venue in this Court be proper if the instant pleading is Petitioner's attempt to raise some type of civil complaint regarding conditions of his confinement. *See* 28 U.S.C. §1391(b) (venue is proper where "any defendant resides" and/or "where a substantial part of the events or omissions giving rise to the claim occurred.").

Finally, even if venue were proper here, because Petitioner has not pre-paid the filing fee, he would be precluded from proceeding *in forma pauperis* under 28 U.S.C. §1915(g). *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner . . . must pay the filing fee at

the time he initiates the suit."); *Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to *Dupree* in affirming denial of *in forma pauperis* motion and dismissing complaint pursuant to § 1915(g) because there was no evidence that the plaintiff paid the filing fee at the time he initiated suit or that he was in imminent danger of serious physical injury."). And his vague and conclusory allegations that several entities are placing his life in danger and/or "has caused [his] wrongful death" [Doc. 1] are insufficient to establish that he is in imminent danger of serious physical injury in order to satisfy the imminent danger exception to § 1915(g). *See, e.g., Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (citing with approval Eighth Circuit precedent that conclusory allegations that defendants were trying to kill plaintiff was insufficient to satisfy imminent danger exception) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050-51 (8th Cir. 2003)); *Ritner v. Kinder*, 290 F. App'x 796, 798 (6th Cir. 2008) ("Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to §1915(g) when the prisoner's claims of imminent danger are 'conclusory or ridiculous,' or are 'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible.'")) (citations omitted); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) ("Courts also deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous.").

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it should have been brought."  Given Petitioner's history of abusive litigation and the sanctions the District of Colorado has imposed on Petitioner's filings, the Court does not find it in the interest of justice to transfer this case to that court.

**IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED** pursuant to 28 U.S.C. § 1406(a).

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 6th day of July, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE